USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 0 5 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PEOPLE OF THE STATE OF NEW YORK, by ANDREW
M. CUOMO, ATTORNEY GENERAL OF THE STATE OF
NEW YORK,

Plaintiffs,

-against-

411 REST. CORP. D/B/A TONIC EAST,

Defendant.

**CONSENT DECREE**

**Case No.
08-CV-2088 (PAC) (HP)**

This Consent Decree ("Decree") is entered into by and between Plaintiffs, the People of the State of New York, by Andrew M. Cuomo, Attorney General of the State of New York ("Plaintiffs") and Defendant 411 Rest. Corp. d/b/a Tonic East ("Defendant").

WHEREAS, Defendant is a corporation that owns Tonic East, a bar and restaurant located at 411 Third Avenue, New York, New York 10016, and that is incorporated under the laws of the State of New York;

WHEREAS, Defendant is subject to 42 U.S.C. § 1981, New York State Human Rights Law § 296(2)(a), New York State Civil Rights Law § 40-c, and New York City Administrative Code 8-107(4), which prohibit discrimination based upon race and/or color;

WHEREAS, Plaintiffs filed a Complaint in the United States District Court for the Southern District of New York alleging that Defendant has engaged in repeated acts of unlawful discrimination by denying the admittance of African-Americans into Tonic East on the basis of their race and/or color in violation of 42 U.S.C. § 1981, New York State Human Rights Law § 296(2)(a), New York State Civil Rights Law § 40-c, New York State Executive Law § 63(12), and New York City Administrative Code § 8-107(4);

WHEREAS, Plaintiffs specifically alleged in the Complaint that Defendant repeatedly has

denied admittance of African-American patrons based on alleged dress code violations, but granted admittance to similarly-dressed Caucasian patrons;

WHEREAS, it is understood and agreed by Plaintiffs and Defendant that, by entering into this Decree, Defendant does not admit or deny that there has been any unlawful or wrongful act whatsoever committed against any party or person which makes Defendant liable in any manner;

WHEREAS, Plaintiffs and Defendant desire to avoid spending any further time, incurring any further expenses, and the uncertainty of litigation, and seek to resolve all matters embraced in this action without resort to further litigation; and

WHEREAS, in consideration of the covenants and undertakings set forth herein and intending to be legally bound thereby, Plaintiffs and Defendant agree to the terms of this Decree voluntarily;

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

## PART ONE: DEFINITIONS

Throughout this Decree, the following terms shall have the following meanings:

1.1.    "Decree" means this Consent Decree.

1.2.    "Effective Date" means the date that this Decree is entered by the Court.

1.3.    "Court" means the United States District Court for the Southern District of New York, which shall have jurisdiction over this Decree and the parties to this Decree.

1.4.    "OAG" mean the Office of the Attorney General of the State of New York.

1.5.    "Defendant" means 411 Rest. Corp. d/b/a Tonic East, a corporation that owns Tonic East, a bar and restaurant located at 411 Third Avenue, New York, New York 10016, and is incorporated under the laws of the State of New York. For the purposes of this Decree, Defendant also refers to all Employees as defined below.

2

1.6.    "Tonic East" means a bar and restaurant located at 411 Third Avenue, New York, New York 10016.

1.7.    "Patron" means any person who has gained admittance or attempted to gain admittance into Tonic East.

1.8.    "Employee" means any owner, partner, officer, employee, consultant, agent, or independent contractor of Defendant, or other person acting or purporting to act on behalf of Defendant, who provides services at Tonic East.

1.9.    "Door Staff" means any Employee whose duties include, but are not limited to, checking identification of a Patron, determining admittance or nonadmittance of a Patron, assisting in establishing a safe and orderly atmosphere at Tonic East, and rejecting or restraining disorderly persons at Tonic East.

1.10.    "Dress Code Policy" means a written policy that imposes a standard of dress for a Patron at Tonic East.

1.11.    "Surveillance Video Tape" means any recording of visual images or sound made and/or stored on magnetic tape, computer disk, or any other means of making or storing visual images or sound, and created for the purpose of surveillance at Tonic East.

1.12.    "Day" refers to a calendar day, not a business day.

1.13.    "All" means "any and all" and "any" means "any and all."

1.14.    "Including" means without limitation.

1.15.    "Concerning" means relating to, referring to, describing, evidencing, regarding, constituting or reflecting.

1.16.    The singular of any word includes the plural; the plural of any word includes the singular.

3

## PART TWO: MONETARY RELIEF

2.1.    Plaintiffs shall recover from Defendant the sum of $35,000 as damages, fines, penalties, attorneys' fees, and costs of investigation. Defendant shall pay $20,000 within thirty (30) days of the Effective Date, and the remaining $15,000 within ninety (90) days of the Effective Date. Payments will be in the form certified or official bank checks made out to the New York State Department of Law and forwarded to the Office of Attorney General, Civil Rights Bureau, 120 Broadway, New York, New York 10271, Attention: Jeffrey Powell, Section Chief, Civil Rights Bureau. The payments shall reference the OAG Consent Decree Number, which will be provided to Defendant.

2.2.    Patrons who complained to the OAG prior to the Effective Date of this Order, either in writing or orally, about unlawful discrimination at Tonic East shall recover penalties. The OAG shall distribute such funds in a fair and equitable manner as the OAG deems appropriate.

## PART THREE: COMPLIANCE WITH THE LAW

3.1.    Defendant shall not unlawfully discriminate on the basis of race and/or color against persons seeking admission into Tonic East or any other place of business that it owns or manages and shall comply fully with the obligations, terms, and conditions of all applicable laws prohibiting discrimination including 42 U.S.C. § 1981, New York State Human Rights Law § 296(2)(a), New York State Civil Rights Law § 40-c, and New York City Administrative Code § 8-107(4).

## PART FOUR: DRESS CODE POLICY

4.1.    Defendant shall adopt and implement the Dress Code Policy, attached as Exhibit A, in a uniform and non-discriminatory manner. During the term of this Decree, Tonic East shall

4

be permitted to revise the Dress Code Policy, subject to the approval of the OAG, which shall not be unreasonably withheld.

4.2.    Within five (5) days of the Effective Date, Defendant shall distribute the Dress Code Policy to all Employees.

4.3.    Within five (5) days of the Effective Date, Defendant shall display the Dress Code Policy on Tonic East's Web Site and all entrances to its place of business. The signs setting forth the Dress Code Policy shall be at least 18 inches x 22 inches and the font shall be at least 28 points and in bold.

4.4.    Within fifteen (15) days of the Effective Date, Defendant shall revise all Employee handbooks and/or training materials to include the Dress Code Policy.

## PART FIVE: EMPLOYEE TRAINING

5.1.    Within fifteen (15) days of the Effective Date, Defendant shall provide training for all Employees on the Dress Code Policy and the prohibition against restricting admittance of Patrons into any place of public accommodation, or selectively enforcing the Dress Code Policy or other rules, regulations, and policies, on the basis of race, color, or any other legally protected characteristic. As part of the Dress Code Policy training, Defendant shall instruct Employees that they must consult Tonic East's General Manager for all questions, concerns, or issues concerning the Dress Code Policy and its implementation.

5.2.    All new Door Staff shall receive the training referenced in Part 5.1 prior to their first working day. All other new Employees who start working at Tonic East shall receive the training referenced in Part 5.1 within fifteen (15) days of their start date.

5.3.    All Employees who have attended the training pursuant to Parts 5.1 and 5.2 shall acknowledge in writing that they have done so using the Tonic East Training Acknowledgment Form, annexed as Exhibit B.

5.4.    Defendant shall maintain attendance records for all training sessions.

5.5.    Within ninety (90) days from the Effective Date, and on a quarterly basis thereafter, Defendant shall submit to the OAG copies of executed Training Acknowledgment Forms and training attendance records.

### PART SIX: MONITORING

6.1.    Within thirty (30) days from the Effective Date, Defendant shall hire a qualified independent contractor or agency ("Independent Monitor"), subject to the approval of the OAG, which shall not be unreasonably withheld, to conduct random, unannounced monitoring of all entrances at Tonic East at least once every three months between the business hours of 10:00 p.m. and 2:00 a.m. to ensure that Employees including Door Staff comply with this Decree.

6.2.    Within thirty (30) days of being hired by Defendant, the Independent Monitor shall prepare and provide to the OAG a brief confidential written plan ("Monitoring Plan") setting forth how and when he or she will conduct the required monitoring. The Monitoring Plan shall be subject to the approval of the OAG, which shall not be unreasonably withheld.

6.3.    After conducting each observation of Tonic East, the Independent Monitor shall prepare a written report ("Monitoring Report") of his or her findings. The Monitoring Report shall be submitted to Tonic East's General Manager and the OAG within fifteen (15) days of the date of the monitoring. The Monitoring Report shall include:

(a)    the name of the person who conducted the monitoring;

(b)    the entrances and areas monitored;

(c)     the date and time of the monitoring;

(d)     the duration of the monitoring;

(e)     a description of the Employees whose conduct was monitored; and

(f)     a description of what was observed including the number of people who were denied admittance into Tonic East broken down by race, color, and gender, the reason they were denied admittance if reasonably ascertainable, and, if a Patron was denied admittance due to a violation of the Dress Code Policy, a description of the Patron's attire.

6.4.    If the Monitoring Report indicates that any Employee is not complying with this Decree, Defendant shall take immediate remedial and disciplinary action, up to and including terminating the Employee, and Defendant shall document such remedial and/or disciplinary action.

## PART SEVEN: COMPLAINTS

7.1.    Defendant shall display a notice that federal, state, and local laws prohibit Tonic East and other places of business from denying Patrons admission or discriminating against them in any other way on the basis of race, color, or any other legally protected characteristic and that Patrons may file a complaint with management or with the OAG for alleged discrimination. Defendant shall display this notice, annexed as Exhibit C, on Tonic East's Web Site, all Tonic East's entrances, and all Tonic East's bathrooms.  The notices shall be at least 18 inches x 22 inches and the font shall be at least 28 points and in bold.

7.2.    Within fifteen (15) days of the Effective Date, Defendant shall designate a full-time management Employee who shall receive and investigate all complaints from Patrons, whether written or oral, alleging unlawful discrimination on the basis of race, color, or any

7

other protected category. The designated Employee shall offer the complaining Patron the Tonic East Complaint Form, annexed as Exhibit D. The designated Employee shall investigate the complaint within forty-eight (48) hours by interviewing the complainant and the Employee(s) involved, reviewing any relevant Surveillance Video Tapes, and taking any other necessary steps. The designated Employee shall prepare a written report ("Complaint Report") of his or her findings and submit the report to Tonic East's General Manager in a reasonable and timely manner. The Complaint Report shall include:

(a)    the name of the person who conducted the investigation;

(b)    the date of the complaint and the date and approximate time of the alleged incident;

(c)    the name and address of the complainant;

(d)    the name(s) of the Employee(s) involved;

(e)    a description of the complaint;

(f)    a summary of the investigative steps taken and any findings made; and

(g)    any recommendation for follow-up investigation or disciplinary action.

7.3.    Defendant shall maintain all Surveillance Video Tapes for any date in which a Patron makes a complaint alleging unlawful discrimination on the basis of race, color, or any other protected category. For all other dates, Defendant shall maintain the Surveillance Video Tapes for a period of ninety (90) days.

7.4.    Within fifteen (15) days of any Patron complaint of discrimination, Defendant shall submit to the OAG copies of all documents and Surveillance Video Tapes concerning the complaint, including completed Tonic East Complaint Forms and Complaint Reports referenced in Part 7.2.

8

## PART EIGHT: RECORD KEEPING

8.1.   For the duration of this Decree, Defendant shall maintain:

(a)   All Tonic East Training Acknowledgment Forms and training attendance records referenced in Part Five;

(b)   All documents concerning the random, unannounced monitoring including all Monitoring Reports and all documents concerning any remedial and/or disciplinary action referenced in Part Six;

(c)   All documents concerning Patron complaints of discrimination including the completed Tonic East Complaint Forms and all written reports referenced in Part 7.2.; and

(d)   Surveillance Video Tapes referenced in Part 7.3.

8.2.   The OAG shall, upon reasonable notice and at reasonable times, have access to any documents that Defendant is required to maintain under this Decree and any documents that the OAG believes relate to Defendant's compliance with this Decree. This Decree does not in any way impair or affect the right of the OAG to obtain documents from Defendant pursuant to a subpoena.

## PART NINE: JURISDICTION AND OTHER PROVISIONS

9.1.   This Decree, when fully executed and performed by Defendant to the reasonable satisfaction of Plaintiffs, will resolve all claims against Defendant that were raised in the Complaint filed by Plaintiffs in this action. However, nothing in this Decree is intended to, nor shall, limit the OAG's investigatory or compliance review powers otherwise provided by law.

9.2.   The Court shall retain jurisdiction over the parties and this matter for the term of *three years* ~~three years~~   *PJC*

from the Effective Date, *which provides sufficient time for the parties to implement the various procedures contemplated by this decree. Thereafter any resolution will be handled as set forth in 9.10 or manner of contract.*

9.3.    The Court shall retain all equitable powers necessary to enforce the terms of this Decree and remedy any violations thereof, including but not limited to, the power to hold Defendant in contempt and to award damages, restitution, or monetary penalties, as well as the power to extend the duration of the decree upon a finding of noncompliance.

9.4.    This Decree shall become effective upon its execution by all parties and its entry by the Court.

9.5.    The signatories to this Decree warrant and represent that they are duly authorized to execute this Decree and that they have the authority to take all appropriate action required or permitted to be taken pursuant to the Decree to effectuate its terms.

9.6.    Defendant is hereby charged with knowledge of, and responsibility for, the actions of its Employees with respect to the requirements of this Decree.

9.7.    This Decree is final and binding on the parties, including all Employees, principals, successors in interest, assigns, and legal representatives thereof. Each party has a duty to so inform any such successor in interest of the terms of this Decree. No assignment by any party hereto shall operate to relieve such party of its obligations herewith.

9.8.    This Decree may be executed in one or more counterparts, each of which shall be deemed a duplicate original.

9.9.    Notwithstanding any provision of this Decree to the contrary, Plaintiffs may, in their sole discretion, grant written extensions of time for Defendant to comply with any provision of this Decree.

9.10.   All of the terms of this Decree are contractual and not merely recitals, and none may be amended or modified except by a writing executed by all parties hereto approved by the Court, or with Court approval.

9.11.  This Decree supersedes and renders null and void any and all written or oral prior undertakings or agreements between the parties regarding the subject matter hereof.

9.12.  The parties hereby waive and shall not have any right to appeal any of the terms of this Decree or in any way challenge the validity of any of the terms of this Decree in any forum.

9.13.  If any provision, term, or clause in this Decree is declared illegal, unenforceable, or ineffective in a legal forum, such provision, term, or clause shall be deemed severable, such that all other provisions, terms, and clauses of this Decree shall remain valid and binding on the parties.

9.14.  The parties may seek to enforce this Decree by motion before the Court to the full extent of the law.  In the event of a dispute among the parties regarding any issue arising hereunder, however, the parties shall attempt in good faith to resolve the dispute before seeking the Court's intervention.

9.15.  Defendant shall not publicly contest or contradict the allegations set forth in this Decree.

9.16.  All communications and notices regarding this Decree shall be sent by first-class mail and, if 25 pages or fewer in length, by facsimile, to:

| Office of the Attorney General: | 411 Rest. Corp. d/b/a Tonic East: |
|---|---|
| Sunita Kini-Tandon | Mario Arcari |
| Assistant Attorney General | 659 Ninth Avenue |
| Office of the Attorney General | New York, New York 10026 |
| Civil Rights Bureau | Tel.    (646) 456-8286 |
| 120 Broadway, 3rd Floor | Fax    (212) 768-8025 |
| New York, New York 10271-0332 | |
| Tel.    (212) 416-8623 | |
| Fax    (212) 416-8074 | |

11

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound hereby, have executed this Consent Decree on the date set forth below.

**411 REST. CORP. D/B/A TONIC EAST**
411 Third Avenue
New York, New York 10016

By: _____
 Mario Arcari

Dated: February _19_, 2008
 New York, New York

**ANDREW M. CUOMO**
New York State Attorney General
120 Broadway
New York, New York 10271

By: _____
 Jenny Rivera, Special Deputy Attorney General for Civil Rights
 Jeffrey Powell, Section Chief
 Sunita Kini-Tandon, Assistant Attorney General
 Civil Rights Bureau
 New York, New York

Dated: February _____, 2008
 New York, New York

*The Clerk of the Court is directed to close out this case.*

**SO ORDERED:**
_____
UNITED STATES DISTRICT JUDGE

Dated: _March 4_____, 2008
 New York, New York

**EXHIBIT A**

## **Dress Code Policy**

**Tonic East enforces the following dress code policy:**

**Business casual is required at all times. Acceptable attire includes collared, polo or tee shirts (must have sleeves), casual pants, jeans, tailored shorts such as Bermuda shorts, slacks, skirts, and dresses. Clothing must be neat and presentable. Tonic East will not admit anyone wearing the following:**

\*Clothing reflecting profanity or overtly sexual images
\*Clothing that reveals a patron's underwear
\*Sweat pants, jogging suits, or exercise pants
\*Muscle T-shirts
\*Construction work boots
\*Ripped, torn or frayed clothing
\*Athletic tank tops
\*Athletic shorts



**EXHIBIT B**

### Tonic East Training Acknowledgment Form

I, _____, have attended Tonic East's training on the Dress Code Policy and the prohibition against restricting admittance of Patrons into Tonic East or selectively enforcing the Dress Code Policy and other rules, regulations, and policies on the basis of race, color, or any other legally protected characteristic. I understand that I will be subject to discipline, including potential termination, for failure to comply with applicable federal, state, and local anti-discrimination laws.

_____

Name

_____

Title/Position

_____

Signature

_____

Date



**EXHIBIT C**

**Federal, state, and local laws prohibit Tonic East and other places of business from denying patrons admission or discriminating against them in any other way on the basis of race, color, or any other legally protected characteristic.**

**If you believe you have been a victim of such discrimination by this establishment, you should inform the manager.  You may also file a complaint with:**

**State of New York
Office of the Attorney General
Civil Rights Bureau
120 Broadway, 3rd Floor
New York, New York  10271-0332
Hotline: (800) 771-7755
Tel.: (212) 416-8250
Fax: (212) 416-8074
Web Site: www.oag.state.ny.us**

**EXHIBIT D**

## TONIC EAST COMPLAINT FORM

<u>Instructions:</u>

1.      Please type or print clearly in dark ink.
2.      You must complete the entire form.
3.      Make sure copies (not originals) of all relevant papers concerning the complaint are
        attached.

A.      <u>Complainant</u>

Name:           _____

Address:        _____
                _____
                _____

Phone:          _____ (Home)

                _____ (Mobile)

                _____ (Work)

B.      <u>Employee(s) Involved in Complaint</u>

Name:           _____

Position:       _____

C.      <u>Witness(es)</u>

Name:           _____

Address:        _____
                _____
                _____

Phone:          _____ (Home)

                _____ (Mobile)

                _____ (Work)



D.    Nature of Complaint

(Attach additional pages if necessary) _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

I ACKNOWLEDGE THAT THE ABOVE IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE.

Signature:  _____        Date:  _____

Copy to:      State of New York
              Office of the Attorney General
              Civil Rights Bureau
              120 Broadway, 3rd Floor
              New York, New York  10271-0332

You may also call for a complaint form or download a complaint form from:

              State of New York
              Office of the Attorney General
              Civil Rights Bureau
              120 Broadway, 3rd Floor
              New York, New York 10271-0332
              Hotline: (800) 771-7755
              Tel.: (212) 416-8250
              Fax: (212) 416-8074
              Web Site: www.oag.state.ny.us

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

Date:

In Re:

-v-

Case #:                    (         )

Dear Litigant,

Enclosed is a copy of the judgment entered in your case.

Your attention is directed to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, which requires that if you wish to appeal the judgment in your case, you must file a notice of appeal within 30 days of the date of entry of the judgment (60 days if the United States or an officer or agency of the United States is a party).

If you wish to appeal the judgment but for any reason you are unable to file your notice of appeal within the required time, you may make a motion for an extension of time in accordance with the provision of Fed. R. App. P. 4(a)(5).  That rule requires you to show "excusable neglect" or "good cause" for your failure to file your notice of appeal within the time allowed. Any such motion must first be served upon the other parties and then filed with the Pro Se Office no later than 60 days from the date of entry of the judgment (90 days if the United States or an officer or agency of the United States is a party).

The enclosed Forms 1, 2 and 3 cover some common situations, and you may choose to use one of them if appropriate to your circumstances.

The Filing fee for a notice of appeal is $5.00 and the appellate docketing fee is $450.00 payable to the "Clerk of the Court, USDC, SDNY" by certified check, money order or cash. **No personal checks are accepted.**

J. Michael McMahon, Clerk of Court

by: _____

, Deputy Clerk

APPEAL FORMS

Docket Support Unit                                    Revised: April 9, 2006

**United States District Court**
**Southern District of New York**
**Office of the Clerk**
**U.S. Courthouse**
**500 Pearl Street, New York, N.Y. 10007-1213**

-------------------------------------------------X

                           -V-

**NOTICE OF APPEAL**

civ.           ( )

-------------------------------------------------X

Notice is hereby given that _____

                                           (party)

hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment [describe it]

entered in this action on the _____ day of _____ , _____ .
                               (day)               (month)        (year)

_____
(Signature)

_____
(Address)

_____
(City, State and Zip Code)

Date: _____      ( ) _____-_____
                                         (Telephone Number)

**Note:** You may use this form to take an appeal provided that it is <u>received</u> by the office of the Clerk of the District Court within 30 days of the date on which the judgment was entered (60 days if the United States or an officer or agency of the United States is a party).

FORM 1

## United States District Court
### Southern District of New York
#### Office of the Clerk
#### U.S. Courthouse
#### 500 Pearl Street, New York, N.Y. 10007-1213

-------------------------------------------------X
 

 

       -V-

 

-------------------------------------------------X

**MOTION FOR EXTENSION OF TIME
TO FILE A NOTICE OF APPEAL**

civ.      ( )

    Pursuant to Fed. R. App. P. 4(a)(5), _____ respectfully
                                 (party)

requests leave to file the within notice of appeal out of time. _____
                                                             (party)

desires to appeal the judgment in this action entered on _____ but failed to file a
                                                   (day)

notice of appeal within the required number of days because:

[Explain here the "excusable neglect" or "good cause" which led to your failure to file a notice of appeal within the required number of days.]

 

 

                                    _____
                                            (Signature)

                                    _____
                                            (Address)

                                    _____
                                 (City, State and Zip Code)

Date: _____      (    ) _____-_____
                                                (Telephone Number)

**Note:** You may use this form, together with a copy of Form 1, if you are seeking to appeal a judgment and did not file a copy of Form 1 within the required time. If you follow this procedure, these forms must be <u>received</u> in the office of the Clerk of the District Court no later than 60 days of the date which the judgment was entered (90 days if the United States or an officer or agency of the United States is a party).

FORM 2

# United States District Court
## Southern District of New York
### Office of the Clerk
### U.S. Courthouse
### 500 Pearl Street, New York, N.Y. 10007-1213

```
-------------------------------X
                               |
                               |        NOTICE OF APPEAL
                               |            AND
        -V-                    |     MOTION FOR EXTENSION OF TIME
                               |
                               |        civ.          (   )
                               |
-------------------------------X
```

1.    Notice is hereby given that _____ hereby appeals to

the United States Court of Appeals for the Second Circuit from the judgment entered on _____ .
                 (party)

                           [Give a description of the judgment]

2.    In the event that this form was not received in the Clerk's office within the required time

_____ respectfully requests the court to grant an extension of time in
         (party)

accordance with Fed. R. App. P. 4(a)(5).

    a.    In support of this request, _____ states that
                                   (party)

this Court's judgment was received on _____ and that this form was mailed to the
                            (date)

court on _____ .
        (date)

                                    _____
                                        (Signature)

                                    _____
                                        (Address)

                                    _____
                                (City, State and Zip Code)

Date: _____        (   )  _____-_____
                                  (Telephone Number)

**Note:** You may use this form if you are mailing your notice of appeal and are not sure the Clerk of the
District Court will <u>receive</u> it within the 30 days of the date on which the judgment was entered (60 days if
the United States or an officer or agency of the United States is a party).

FORM 3

**United States District Court**
**Southern District of New York**
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

```
--------------------------------------X
                                      |
                                      |        AFFIRMATION OF SERVICE
                                      |
          -V-                         |
                                      |        civ.          (    )
                                      |
                                      |
--------------------------------------X
```

I, _____, declare under penalty of perjury that I have

served a copy of the attached _____

_____

upon _____

_____

whose address is: _____

_____

Date: _____
        New York, New York

                                        _____
                                                (Signature)

                                        _____
                                                (Address)

                                        _____
                                          (City, State and Zip Code)